## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHEET METAL EMPLOYERS INDUSTRY
PROMOTION FUND, and SHEET METAL
EMPLOYERS INDUSTRY APPRENTICESHIP
REIMBURSEMENT FUND,

        Plaintiffs,                            Case No. 12-10752
                                                Hon. Lawrence P. Zatkoff

v.

ABSOLUT BALANCING CO. INC.,
ENVIRO-AIRE/TOTAL BALANCE
COMPANY, INC., AERODYNAMICS
INSPECTING CO., AIRFLOW TESTING,
INC., and BARMATIC INSPECTING CO.,

        Defendants,

_____/

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL ANSWERS [DKT 27]

      This matter is before the Court on Defendants' Motion to Compel Answers to Request to Admit or, alternatively, Deem Same Admitted [dkt 27]. The motion has been fully briefed by the parties. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendants' motion to compel is DENIED AS MOOT, and Defendants shall submit a new Request to Admit to Plaintiffs that complies with this Order.

      Plaintiffs are trust funds that bring this action under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), to confirm arbitration awards entered against Defendants for purported breaches of a collective bargaining agreement ("CBA"). Defendants

attempted to start discovery in this case by sending a Request to Admit to Plaintiffs on April 6, 2012. On May 7, 2012, Plaintiffs responded to Defendants' Request to Admit. Plaintiffs objected to the request on the grounds that Defendants had failed to vacate the arbitration awards within the applicable 3 month limitations period. According to Plaintiffs, failing to timely vacate forecloses Defendants' ability to challenge the merits of the arbitration awards, thus discovery is foreclosed.

As a result, Defendants filed the instant motion requesting that the Court compel Plaintiffs to answer the discovery requests. Before Plaintiffs responded to the motion, the Court resolved Plaintiffs' pending motion for summary judgment on August 1, 2012. The Court ruled that "[e]xplicit, well-defined public policy dictates against holding Defendants liable under [the arbitration awards] for violations of the CBA, so long as Defendants are not signatories to the CBA and its arbitration provisions." The Court therefore found that the remaining genuine issue of material fact is whether Defendants were signatories to the CBA and its arbitration provisions. Defendants accept this as the issue as evidenced in their reply brief to this motion, stating "[n]o evidence has been presented that the Defendants agree to the [CBA] or the provisions for arbitration." Notably, Defendants add that "there are serious questions as to the validity of the underlying arbitration award and what documents and information were specifically submitted to the arbitrators." As the Court discussed in its previous Opinion and Order, while there may be "serious questions" underlying the arbitration award, under Sixth Circuit precedent, Defendants had three months to raise these issues by timely moving to vacate. *See* dkt 34. Defendants' decision not to bring a proceeding to vacate forecloses discovery on these "serious questions."

Having narrowed the genuine dispute of fact when resolving Plaintiffs' pending motion for summary judgment after Defendants filed the instant motion, the Court has resolved the apparent

discovery conflict between the parties. While Plaintiffs are correct that Defendants' defenses are limited by failing to vacate the arbitration awards within three months of their entry, the Court has determined that public policy may dictate against enforcing the arbitration awards.[1]   This determination, however, hinges on whether Defendants are signatories to the CBA.   As such, Defendants are entitled to discovery on this sole issue.   Further, Plaintiffs have now stated in their response that they "intend to cooperate in any discovery requests issued by Defendants."

Accordingly, IT IS HEREBY ORDERED that, because the issues in this case have been significantly narrowed since Defendants filed the instant motion and served their Request to Admit, the Court need not compel answers to Defendants' April 6, 2012, Request to Admit.   As such, Defendants' Motion to Compel Requests to Admit, and all other relief requested therein, is DENIED AS MOOT.   Rather, Defendants shall submit a new Request to Admit to Plaintiffs that pertains to the remaining issue in this case.   Plaintiffs shall then timely respond to the request.

---

[1]The Court held such in its August 1, 2012, Opinion and Order, stating:

> Guided by *Occidental* and *Kopper-Glo Fuel, Inc.*, Defendants' ability to challenge the LJAB decisions is procedurally and substantively foreclosed.   *See id.*

> While Defendants are foreclosed from attacking the LJAB decisions, . . .  the issue left before the Court is whether enforcement of the LJAB decisions is against public policy.

August 1, 2012, Opinion and Order, dkt 34.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 9, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 9, 2012.


s/Marie E. Verlinde
Case Manager
(810) 984-3290

4