**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHEET METAL EMPLOYERS INDUSTRY
PROMOTION FUND and SHEET METAL
EMPLOYERS INDUSTRY APPRENTICESHIP
REIMBURSEMENT FUND,

    Plaintiffs/Counter-Defendants,

                                                    Case No. 12-10752
v.                                                 Hon. Lawrence P. Zatkoff

ABSOLUT BALANCING CO., INC.,
ENVIRO-AIRE/TOTAL BALANCE COMPANY,
AERODYNAMICS INSPECTING CO.,
AIRFLOW TESTING, INC.,

    Defendants/Counter-Plaintiffs/Third-Party
    Plaintiffs,

v.

SMACNA, STEFANSKY, HOLLOWAY &
NICHOLS, INC., BENESYS, INC.,
SHEET METAL WORKERS INTERNATIONAL,
AFL, LOCAL 80, JOINT TRUST FUNDS,

    Third-Party Defendants.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

    This matter is before the Court on Plaintiffs' Motion for Reconsideration [dkt 42]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Plaintiffs' motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiffs' Motion for Reconsideration is DENIED.

# I. BACKGROUND

The Court set forth the facts of this case in its August 1, 2012, Opinion and Order, which Plaintiffs now challenge:

> Plaintiffs are trust funds that bring this action under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), to confirm arbitration awards against Defendants for purported breaches of a collective bargaining agreement ("CBA"). . . .
>
> Defendants . . . are testing and air balancing control ("TAB") contractors. . . . Plaintiffs claim that Defendants were bound by the CBA, which required the payment of fringe benefits to Plaintiffs under Sections 15 and 16 of Addendum 1 of the CBA. . . .
>
> Plaintiffs filed grievances against Defendants for failing to make contributions to the two funds since 2006. Pursuant to Article X, Section 2, of the CBA, the grievances were heard by the Local Joint Adjustment Board ("LJAB") for final and binding arbitration on February 15, 2011. While Defendants received notice of the grievance hearings by letters from the LJAB, Defendants opted to not be present at the hearings. The LJAB issued . . . decisions on February 25, 2011, and March 9, 2011, finding that Defendants violated the CBA by failing to contribute to the Promotion Fund and Reimbursement Fund.

*See* dkt. #32. On May 25, 2012, Plaintiffs filed a Motion for Summary Judgment, arguing that the Court should summarily enter judgment in their favor because Defendants are precluded from asserting any defenses based on the three-month limitations period for challenging arbitration awards under § 301 of the LMRA. *See* dkt. #13.

On August 1, 2012, the Court found, based on a narrow exception, that well-defined public policy dictates against holding Defendants liable under the LJAB decisions if Defendants are not signatories to the CBA. *See* dkt. #32. Because the Court determined that there was a genuine dispute of material fact as to whether Defendants were signatories to the CBA, the Court denied Plaintiffs' Motion for Summary Judgment. Plaintiffs subsequently filed the instant Motion for

Reconsideration, arguing that the Court's decision is "palpably erroneous" and Plaintiffs did not have the opportunity to brief the public policy exception to which the Court relied on in denying Plaintiffs' Motion for Summary Judgment. *See* dkt. #42, at 2. In the alternative, Plaintiffs request that the Court certify the issue for appeal to the Sixth Circuit. The issue framed by Plaintiffs is whether enforcement of the LJAB decisions is against public policy if Defendants are not signatories to the CBA and failed to timely vacate the decisions.

## II. ANALYSIS

### A. RECONSIDERATION OF THE COURT'S AUGUST 1, 2012, OPINION & ORDER

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that *merely present the same issues* ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3) (emphasis added). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

Plaintiffs argue that they "did not have an opportunity to previously brief this issue due to the inaccurate and 'inarticulate' manner in which it was raised by Defendant [sic]." Plaintiffs attempt to bolster their argument by citing to the Court's own language in its Opinion and Order that Defendants' argument regarding the public policy exception was "inarticulately pled." *See* dkt #34, at 7.

Plaintiffs' argument is absurd for the reasons highlighted below:

(1) There is no legal authority that precludes the Court from resolving a moving party's motion on grounds not previously raised or cited to by the parties.

(2) While Plaintiffs focus on the Court's characterization of Defendants' public policy argument as "inarticulately pled," such characterization neither forecloses the legal merit of Defendants' argument nor the Court's ability to rely on Defendants' argument.

(3) Plaintiffs' lack of opportunity to respond to Defendants' public policy argument belies the fact that they first raise the public policy exception on page seven of their initial Motion for Summary Judgment. *See* dkt. #13 at 7 (citing to Sixth Circuit precedent).

(4) Defendants' response and supporting brief to Plaintiffs' Motion for Summary Judgment also raises the public policy exception, as exemplified in the following instances:

　　(a) On page three of their response, Defendants enumerate a list containing the language that the "award violates the generally enumerated public policies," and cite to their attached brief and two cases in support.[1]  *See* dkt. #18, at 3.

　　(b) The response's table of contents contains a section labeled "VIOLATES PUBLIC POLICY", and directs the reader to page fourteen of the supporting brief. *See* dkt. #18, at 5.

　　(c) Page fourteen of the attached brief contains the bold heading "VIOLATES PUBLIC POLICY." The heading precedes an entire page of discussion as to why Defendants can still challenge the award under the public policy exception, despite the fact that their time may have passed to file affirmative defenses.

　　(d) In Defendants' section on the public policy exception, they cite to *Occidental Chem. v. Int'l Chem. Workers Union*, 853 F.2d 1310, 1315 (6th Cir. 1988), to support their public policy argument; the same case Plaintiffs cite in their opening motion and brief. [2]

---

[1] *NLRB v. Detroit Resilient Floors, Local 2265*, 317 F.2d. 269 (6th Cir. 1963); *Jt. Admin. Comm. v. Wash. Grp. Int'l, Inc.*, 561 F.2d 447 (6th Cir. 2009).

[2] The Court notes, even if one were to summarily read *Occidental*, the concluding lines of the opinion specifically reference the Sixth Circuit's acknowledgment and application of the public policy exception, stating as follows:

4

      (e)      Defendants' discussion of the public policy exception sets forth their two reasons why that exception is applicable to this award and uses the phrase "public policy" six times throughout their argument.

  (5)      Plaintiffs' reply to Defendants' response expressly labels a subsection "The Defendants have Failed to Articulate Why the Arbitration Award Violates Public Policy." The subsection includes a paragraph of argument with several citations to legal authority.

For these reasons, Plaintiffs' argument that they did not have an opportunity to brief the controlling point of law that the Court relied on is rejected. Plaintiffs' decision on the length of argument they devoted to the public policy exception is of no concern to the Court. Plaintiffs' merely disagree with the Court's conclusion. Such disagreement is an inadequate basis upon which to file a motion for reconsideration. Accordingly, Plaintiffs' request for reconsideration of the Court's August 1, 2012, Opinion and Order is DENIED.

### B.  CERTIFICATION OF ISSUE FOR INTERLOCUTORY APPEAL

A district court may certify an issue for interlocutory appeal if it determines that the order presents "[1] a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing

---

> The only question requiring the court's decision under these circumstances is whether the arbitrator's award is against *public policy*. . . . The award does not violate *public policy*.
>
> The judgment of the district court is affirmed.

*Occidental*, 853 F.2d at 1317 (emphasis added).

*Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

Plaintiffs contend that all three elements necessary for the Court to certify the issue relating to the public policy exception are met under § 1292. According to Plaintiffs, the issue is a controlling issue of law; the Court's August 1, 2012, Opinion and Order is contrary to Sixth Circuit precedent and thus, there is a substantial ground for difference of opinion; and, immediate appeal could conclusively resolve this issue of law and this case, avoiding factual discovery and a trial.

The Court has reviewed and considered the Sixth Circuit decisions relied on by Plaintiffs. *See Titan Tire Corp. v. United Steelworkers of Am.*, 656 F.3d 368 (6th Cir. 2011); *Equitable Res., Inc. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO/CLC*, 621 F.3d 538 (6th Cir. 2010); *Int'l Union, UAW v. Dana Corp.*, 278 F.3d 548 (6th Cir. 2002); *Mid Mich. Reg'l Med. Ctr. v. Local 79*, 183 F.3d 497 (6th Cir. 1999); *Shelby Cnty. Health Care Corp. v. Am. Fed. State, Cnty & Mun. Emps.*, 967 F.2d 1091 (6th Cir. 1992); *Occidental*, 853 F.2d at 1310.

None of these decisions are on point with the factual circumstances of this case, and the rules of law enumerated in these cases is no different than the rules of law stated— and applied—by the Court in its August 1, 2012, Opinion and Order. The Court further finds no need to consider Plaintiffs' Eighth, Tenth, and Eleventh Circuit case law, as such cases are not dispositive of whether a substantial ground for difference of opinion exists under *Sixth Circuit* legal precedent. Plaintiffs also point to *Metro. Detroit Brick Layers Dist. Council v. U.S. Brick/Real Brick Prods. Grp.*, No. 91–CV–40099–FL, 1991 WL 353353, at *1–3 (E. D. Mich. July 23, 1991) (J. Newblatt), wherein a defendant employer who failed to timely move to vacate an arbitration award was foreclosed from arguing that the arbitration panel lacked jurisdiction over the defendant employer. This decision,

however, is not Sixth Circuit precedent, and the Court is not bound by it. It is also not clear from the decision whether the defendant employer ever raised the public policy exception or the district court considered it on its own accord. *See id.* at *3. For these reasons, the Court finds that this case is not exceptional and certification for appeal is unwarranted. *See In re City of Memphis*, 293 F.3d at 350. The Court therefore DENIES Plaintiffs' request to certify this issue for appeal.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration [dkt 42] is DENIED.

IT IS SO ORDERED.


Date: August 24, 2012

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE