UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEET METAL EMPLOYERS INDUSTRY
PROMOTION FUND, and SHEET METAL
EMPLOYERS INDUSTRY APPRENTICESHIP
REIMBURSEMENT FUND,

    Plaintiffs,                                   Case No. 12-10752
                                                     Hon. Lawrence P. Zatkoff

v.

ABSOLUT BALANCING CO. INC.,
ENVIRO-AIRE/TOTAL BALANCE
COMPANY, INC., AERODYNAMICS
INSPECTING CO., AIRFLOW TESTING,
INC., and BARMATIC INSPECTING CO.,

    Defendants,

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 30, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Dismiss Defendants' Counter-complaint [dkt 45]. The Motion has been fully briefed by the parties. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiffs' Motion is GRANTED.

**II. BACKGROUND**

The Court set forth the facts of this case in its August 1, 2012, Opinion and Order, as follows:

> Plaintiffs are trust funds that bring this action under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), to confirm arbitration awards against Defendants for purported breaches of a collective bargaining agreement ("CBA") . . . .
>
> Defendants . . . are testing and air balancing control ("TAB") contractors. . . . Plaintiffs claim that Defendants were bound by the CBA, which required the payment of fringe benefits to Plaintiffs under Sections 15 and 16 of Addendum 1 of the CBA . . . .
>
> Plaintiffs filed grievances against Defendants for failing to make contributions to the two funds since 2006. Pursuant to Article X, Section 2, of the CBA, the grievances were heard by the Local Joint Adjustment Board ("LJAB") for final and binding arbitration on February 15, 2011. While Defendants received notice of the grievance hearings by letters from the LJAB, Defendants opted to not be present at the hearings. The LJAB issued . . . decisions on February 25, 2011, and March 9, 2011, finding that Defendants violated the CBA by failing to contribute to the Promotion Fund and Reimbursement Fund ["Funds"].

*See* dkt. #32.

### III. PROCEDURAL BACKGROUND

On May 25, 2012, Plaintiffs filed a Motion for Summary Judgment arguing that the Court should summarily enter judgment in their favor because Defendants were precluded from asserting any defenses based on the three-month limitations period for challenging arbitration awards under § 301 of the LMRA. *See* dkt. #13. On August 1, 2012, the Court found, based on a narrow exception, that well-defined public policy dictates against holding Defendants liable under the LJAB decisions if Defendants are not signatories to the CBA. *See* dkt. #32. Because the Court determined that there was a genuine dispute of material fact as to whether Defendants were

signatories to the CBA, the Court denied Plaintiffs' Motion for Summary Judgment.  Plaintiffs subsequently filed a Motion for Reconsideration, which the Court denied.  *See* dkt. #46.

Plaintiffs filed the instant Motion requesting that the Court dismiss Defendants' Counter-complaint.  For the reasons that follow, the Court will grant Plaintiff's Motion.

## IV. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims.  The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor.  *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992).  While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions.  *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999).  A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct."  *Id.* at 556.  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 696–97 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice."  2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## V. ANALYSIS

In its August 1, 2012, Opinion and Order, the Court commenced its analysis with two Sixth Circuit cases, stating:

> The Sixth Circuit applies a three-month limitations period to a § 301 claim brought to *vacate* an arbitrator's award in a Michigan district court. *Occidental Chem. Corp. v. Int'l Chem. Workers Union*, 853 F.2d 1310, 1314–15 (6th Cir. 1988); *accord Bacashihua v. U.S.P.S.*, 859 F.2d 402, 406 (6th Cir. 1988). The Sixth Circuit explained that since the employer failed to timely file an action to vacate the award, the employer could not later challenge the award during a subsequent action brought by the union to enforce the award on any similar grounds that could have been raised in a timely action to vacate. *Occidental*, 853 F.3d at 1317; *Prof'l Adm'rs Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642–43 (6th Cir. 1987). The Sixth Circuit reasoned that barring defenses was consistent with the quick resolution of arbitrated disputes and resulted in an action to confirm an arbitration award being a summary proceeding. *Occidental*, 853 F.3d at 1317. "Arbitration is meant to be a quick and final resolution by which parties are bound. Moreover, an action to confirm the award should be a summary proceeding, not a proceeding in which the defendant seeks affirmative relief." *Kopper-Glo Fuel, Inc.*, 819 F.2d at 642.

*See* dkt. #32. As such, the Court unequivocally found (1) that "Defendants' ability to challenge the LJAB decisions is procedurally and substantively foreclosed," and (2) that the *only* remaining issue of material fact existing in this case is whether Defendants were signatories to the CBA. *See id*.

Presently before the Court are Defendants' three counts against Plaintiff: fraud; misrepresentation; and detrimental reliance. It appears, however, that Defendants are attempting to circumvent well-settled Sixth Circuit legal precedent and this Court's previous Opinion and Order by now pleading—albeit uncreatively—its affirmative defenses as counterclaims. That is, many of Defendants' affirmative defenses to Plaintiffs' complaint—which the Court has already deemed waived— have evolved into counterclaims. Though the verbiage and sentence structure used are not completely identical when

4

simultaneously comparing its affirmative defenses and counterclaims, Defendants are certainly not permitted to launch an indirect attack (*i.e.*, via counterclaims) on the LJAB award as substitution for its already-abandoned affirmative defenses.[1] To allow such a tactic would not only violate the spirit of Sixth Circuit case law, but also would contravene the purpose of a district court's review of an action seeking to confirm an arbitration award. *See Occidental Chem. Corp. v. Int'l Chem. Workers Union*, 853 F.2d 1310, 1314–15 (6th Cir. 1988); *Prof'l Adm'rs Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642–43 (6th Cir. 1987) ("[A]n action to confirm the award should be a summary proceeding, not a proceeding in which the defendant seeks affirmative relief."). As the Court has repeatedly pronounced in its orders, the only issue that requires resolution in this case is whether or not Defendants are signatories to the CBA and its arbitration provisions. Accordingly, Plaintiffs' Motion to Dismiss Defendants' Counter-complaint is GRANTED.

## VI. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Dismiss Defendants' Counter-complaint [dkt 45] is GRANTED.

IT IS SO ORDERED.

Date: January 30, 2013                                     S/Lawrence P. Zatkoff
                                                          HON. LAWRENCE P. ZATKOFF
                                                          U.S. DISTRICT COURT JUDGE

---

[1] Defendants' decision not to bring a proceeding to vacate the underlying arbitration award within the 3-month period resulted in a waiver of its affirmative defenses and, now by extension, its ability to file counterclaims.