**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHEET METAL EMPLOYERS INDUSTRY
PROMOTION FUND and SHEET METAL
EMPLOYERS INDUSTRY APPRENTICESHIP
REIMBURSEMENT FUND,

                                                          CONSOLIDATED MATTER
        Plaintiffs/Counter-Defendants,     Case No. 2:12-10752
                                                       Hon. Lawrence P. Zatkoff

-vs-

ABSOLUT BALANCING CO., INC.,
ENVIRO-AIRE/TOTAL BALANCE COMPANY,
AERODYNAMICS INSPECTING CO.,
AIRFLOW TESTING, INC., and
BARMATIC INSPECTING CO.,

        Defendants/Counter-Plaintiffs/
        Third-Party Plaintiffs,

-and-

-vs-

SMACNA, A Michigan corporation,
STEFANSKY, HOLLOWAY & NICHOLS, INC.,
a Michigan corporation, BENESYS, INC.,
a Michigan corporation, SHEET METAL WORKERS
INTERNATIONAL LOCAL 80,

Third-Party Defendants.

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

# I. INTRODUCTION

This matter is before the Court on Third-Party Defendant Sheet Metal and Air Conditioning Contractors' National Association's ("SMACNA") Motion for a More Definite Statement [dkt 48] and Third-Party Defendants Stefansky, Holloway & Nichols, Inc. ("SHN"), BeneSys, Inc. ("BeneSys"), and Sheet Metal Workers International Association Local Union 80's ("Local 80") Motion to Dismiss Amended Third-Party Complaint, Decline to Exercise Supplemental Jurisdiction, or For a More Definite Statement [dkt 50]. The Motions have been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted. For the following reasons, Third-Defendants' Motions for a More Definite Statement are GRANTED.

# II. FACTUAL BACKGROUND

The Court has set forth the facts of this case on numerous instances, and in its August 1, 2012, Opinion and Order, stated as follows:

> Plaintiffs are trust funds that bring this action under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), to confirm arbitration awards against Defendants for purported breaches of a collective bargaining agreement ("CBA") . . . .
>
> Defendants . . . are testing and air balancing control ("TAB") contractors. . . . Plaintiffs claim that Defendants were bound by the CBA, which required the payment of fringe benefits to Plaintiffs under Sections 15 and 16 of Addendum 1 of the CBA . . . .
>
> Plaintiffs filed grievances against Defendants for failing to make contributions to the two funds since 2006. Pursuant to Article X, Section 2, of the CBA, the grievances were heard by the Local Joint Adjustment Board ("LJAB") for final and binding arbitration on February 15, 2011. While Defendants received notice of the grievance hearings by letters from the LJAB, Defendants opted to not be present at the hearings. The LJAB issued . . . decisions on February 25, 2011, and March 9, 2011,

> finding that Defendants violated the CBA by failing to contribute to the Promotion Fund and Reimbursement Fund ["Funds"].

*See* Dkt. # 34.

### III. PROCEDURAL BACKGROUND

On May 25, 2012, Plaintiffs filed a Motion for Summary Judgment arguing that the Court should summarily enter judgment in their favor because Defendants were precluded from asserting any defenses based on the three-month limitations period for challenging arbitration awards under § 301 of the LMRA. *See* Dkt. # 13. On August 1, 2012, the Court found, based on a narrow exception, that well-defined public policy dictates against holding Defendants liable under the LJAB decisions if Defendants are not signatories to the CBA. *See* Dkt. # 34. Because the Court determined that there was a genuine dispute of material fact as to whether Defendants were signatories to the CBA, the Court denied Plaintiffs' Motion for Summary Judgment. Plaintiffs subsequently filed a Motion for Reconsideration, which the Court denied. *See* Dkt. # 46.

On January 20, 2013, the Court dismissed Defendants' counter-complaint because Defendants merely presented those claims as disguised affirmative defenses, which the Court had already deemed waived when Defendants failed to bring a proceeding to vacate the underlying arbitration award within the three-month limitations period. The Court additionally reminded the parties that the *sole* issue of material fact left for resolution in this case is whether or not Defendants were signatories to the CBA and its arbitration proceedings.

Defendants have also filed a Third-Party complaint against SMACNA, SHN,[1] BeneSys,[2] and Local 80[3] (referred to as "Third-Party Defendants").

---

[1] SHN is the third-party payroll auditor that provides payroll auditing services to Plaintiffs.
[2] BeneSys is the third-party administrator that provides billing services to the Plaintiffs.
[3] Local 80 is the local union that negotiated the CBA at issue in this case.

## IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(e) allows for the filing of a motion for a more definite statement, and gives the district court the discretion to grant such motion if the pleading complained of "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Likewise, Federal Rule of Civil Procedure 8(a) establishes the requirements of a complaint. Rule 8 requires that a pleading setting forth a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of such statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Supreme Court in *Bell Atlantic Corporation v. Twombly*, noted that it is significant that Rule 8(a)(2) requires a "showing" of entitlement to relief, rather than merely a "blanket assertion." 550 U.S. 544, 556 (2007). A plaintiff must "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* The Court held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [entitlement to relief]." *Id.* In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability." *Id.* This interpretation of Rule 8 does not require heightened fact pleading of specifics, "but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Citing *Twombly,* the Supreme Court in *Ashcroft v. Iqbal*, explained that:

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of actions will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

4

556 U.S. 662, 678 (2009) (citations omitted).  Although Rule 8(a) does not bar the courthouse door to plaintiffs for lack of perfect specificity, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

And finally, Federal Rule of Civil Procedure 10 establishes the required form of pleadings, including complaints.  A complaint must state each claim in one or more numbered paragraphs, with each paragraph "limited as far as is practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b). Additionally, "each claim founded on a separate transaction or occurrence . . . *must* be stated in a separate count" when doing so would increase the clarity of the complaint.  *Id.* (emphasis added).

## V. ANALYSIS

Here, Defendants have filed an unclear—and at times repetitive—forty-three paragraph, Third-Party complaint.  The Third-Party Defendants are left to speculate what causes of action Defendants are asserting as Defendants' complaint wholly fails to identify and label any individual counts.  Given this ambiguity, the Third-Party Defendants have moved for a more definite statement, asserting that Defendants' claims are "so vague or ambiguous" that they cannot reasonably prepare a responsive pleading.  The Court agrees.

Accordingly, the Court orders Defendants to file an amended Third-Party complaint that complies with the Federal Rules of Civil Procedure and provides the Third-Party Defendants with "fair notice of what the claim is and the grounds upon which it rests."  *See Conley*, 355 U.S. at 47. Specifically, Defendants are instructed to individually label as counts each cause of action they wish to pursue, and within each count Defendants must clearly state against which Third-Party Defendant(s) the claim is made and the factual predicate sufficient to establish the claim.

Independent of their obligation to file an amended Third-Party complaint, Defendants are ordered to SHOW CAUSE in a separate writing by Thursday, June 13, 2013, at 5:00 p.m., as to why the Court

5

should consider their amended Third-Party complaint when the Court has repeatedly stated (1) that Defendants are procedurally and substantively barred from challenging the arbitration award, thus having waived any affirmative defenses and counterclaims, and (2) that the *sole* issue remaining in this case—and on which discovery is permitted—is whether Defendants are signatories to the CBA. Failure to comply with this order may result in sanctions, including dismissal of Defendants' Third-Party complaint. Defendants' response shall contain specific and accurate legal support, including pinpoint citations to authority relied on and shall be limited to ten pages and comply with E.D. Mich. L.R. 5.1.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Third-Party Defendants' Motions for a More Definite Statement [dkts 48 and 50] are GRANTED.

IT IS FURTHER ORDERED that Defendants file an amended Third-Party complaint complying with this Opinion and Order by Wednesday, June 12, 2013, at 5:00 p.m.

IT IS FURTHER ORDERED that Defendants file a written response to the Court's show cause order by Thursday, June 13, 2013, at 5:00 p.m.

IT IS SO ORDERED.

>S/Lawrence P. Zatkoff
>Hon. Lawrence P. Zatkoff
>U.S. District Court

Dated: May 31, 2013