**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHEET METAL EMPLOYERS INDUSTRY
PROMOTION FUND and SHEET METAL
EMPLOYERS INDUSTRY APPRENTICESHIP
REIMBURSEMENT FUND,

              CONSOLIDATED MATTER
  Plaintiffs/Counter-Defendants,  Case No. 2:12-10752
              Hon. Lawrence P. Zatkoff

-vs-

ABSOLUT BALANCING CO., INC.,
ENVIRO-AIRE/TOTAL BALANCE COMPANY,
AERODYNAMICS INSPECTING CO.,
AIRFLOW TESTING, INC., and
BARMATIC INSPECTING CO.,

  Defendants/Counter-Plaintiffs/
  Third-Party Plaintiffs,

-and-

-vs-

SMACNA, A Michigan corporation,
STEFANSKY, HOLLOWAY & NICHOLS, INC.,
a Michigan corporation, BENESYS, INC.,
a Michigan corporation, SHEET METAL WORKERS
INTERNATIONAL LOCAL 80,

Third-Party Defendants.

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 27, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

# I. INTRODUCTION

This matter is before the Court on Third-Party Defendant Sheet Metal and Air Conditioning Contractors' National Association's ("SMACNA") Motion to Dismiss Second Amended Third-Party Complaint [dkt 93] and Third-Party Defendants Stefansky, Holloway & Nichols, Inc. ("SHN"), BeneSys, Inc. ("BeneSys"), and Sheet Metal Workers International Association Local Union 80's ("Local 80") Motion to Dismiss Second Amended Third-Party Complaint [dkt 94]. The motions have been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Third-Party Defendants' motions are GRANTED.

# II. BACKGROUND

## A. FACTUAL BACKGROUND

The Court has set forth the facts of this case on numerous instances, and in its August 1, 2012, Opinion and Order, stated as follows:

> Plaintiffs are trust funds that bring this action under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), to confirm arbitration awards against Defendants for purported breaches of a collective bargaining agreement ("CBA") . . . .
>
> Defendants . . . are testing and air balancing control ("TAB") contractors . . . . Plaintiffs claim that Defendants were bound by the CBA, which required the payment of fringe benefits to Plaintiffs under Sections 15 and 16 of Addendum 1 of the CBA . . . .
>
> Plaintiffs filed grievances against Defendants for failing to make contributions to the two funds since 2006. Pursuant to Article X, Section 2, of the CBA, the grievances were heard by the Local Joint Adjustment Board ("LJAB") for final and binding arbitration on February 15, 2011. While Defendants received notice of the grievance hearings by letters from the LJAB, Defendants opted to not be present at the hearings. The LJAB issued . . . decisions on February 25, 2011, and March 9, 2011,

finding that Defendants violated the CBA by failing to contribute to the Promotion Fund and Reimbursement Fund ["Funds"].

**B. PROCEDURAL BACKGROUND**

On May 25, 2012, Plaintiffs filed a motion for summary judgment arguing that the Court should summarily enter judgment in their favor because Defendants were precluded from asserting any defenses based on the three-month limitations period for challenging arbitration awards under § 301 of the LMRA. On August 1, 2012, the Court found, based on a narrow exception, that well-defined public policy dictates against holding Defendants liable under the LJAB decisions if Defendants were not signatories to the CBA. Because the Court determined that there was a genuine dispute of material fact as to whether Defendants were signatories to the CBA, the Court denied Plaintiffs' request for summary judgment. Plaintiffs subsequently filed a motion for reconsideration, which the Court denied.

On January 20, 2013, the Court dismissed Defendants' counter-complaint because Defendants merely presented those claims as disguised affirmative defenses that the Court had already deemed waived when Defendants failed to bring a proceeding to vacate the underlying arbitration award within the three-month limitations period. The Court reminded the parties that the *sole* issue of material fact left for resolution in this case is whether or not Defendants were signatories to the CBA and its arbitration proceedings.

Defendants have also filed an amended third-party complaint against SMACNA, SHN,[1] BeneSys,[2] and Local 80[3] (referred to as "Third-Party Defendants") that is the subject of the instant motion. Defendants' third-party complaint asserts negligent misrepresentation and indemnification claims against Third-Party Defendants.

---

[1] SHN is the third-party payroll auditor that provides payroll auditing services to Plaintiffs.
[2] BeneSys is the third-party administrator that provides billing services to the Plaintiffs.
[3] Local 80 is the local union that negotiated the CBA at issue in this case.

3

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

### IV. ANALYSIS

The theme of Defendants' third-party complaint is straightforward: Defendants were allegedly "advised" that they "were not members of SMACNA for over 30 years" and, based on these statements, they therefore did not pay contributions to Plaintiffs (*i.e.*, the trust funds). As a result, Defendants have brought third-party claims for negligent misrepresentation and indemnification against Third-Party Defendants. Yet, after careful study of Defendants' third-party complaint and corresponding briefing in

4

response to Third-Party Defendants' pending motions to dismiss, the Court will dismiss Defendants' claims.

The Court has declared on myriad occasions that the issue remaining in this case in narrow: "As the Court has repeatedly pronounced in its orders, the only issue that requires resolution in this case is whether or not Defendants are signatories to the CBA and its arbitration provisions." Dkt. # 65, p. 5. Entertaining collateral disputes—such as Defendants' third-party complaint—would only delay this Court from adjudicating the sole issue here. In fact, Plaintiffs and Defendants have recently filed cross-motions for summary judgment on the signatory issue and such motions are currently pending before the undersigned. Because (1) actions to confirm arbitration awards should be summary proceedings and (2) the Court has already restricted the scope of this case, the Court dismisses Defendants' third-party complaint. *See Prof'l Adm'rs Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642–43 (6th Cir. 1987) ("[A]n action to confirm the award should be a summary proceeding, not a proceeding in which the defendant seeks affirmative relief.").

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Third-Party Defendants' motions to dismiss [dkts 93 and 94] are GRANTED.

IT IS FURTHER ORDERED that Defendants' third-party complaint [dkt 86] is DISMISSED.

IT IS SO ORDERED.

Date:  March 27, 2014                                    s/Lawrence P. Zatkoff
                                                        Hon. Lawrence P. Zatkoff
                                                        U.S. District Judge