UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEET METAL EMPLOYERS INDUSTRY
PROMOTION FUND and SHEET METAL
EMPLOYERS INDUSTRY APPRENTICESHIP
REIMBURSEMENT FUND,

        CONSOLIDATED MATTER
Plaintiffs/Counter-Defendants,      Case No. 2:12-10752
        Hon. Lawrence P. Zatkoff

-vs-

ABSOLUT BALANCING CO., INC.,
ENVIRO-AIRE/TOTAL BALANCE COMPANY,
AERODYNAMICS INSPECTING CO.,
AIRFLOW TESTING, INC., and
BARMATIC INSPECTING CO.,

    Defendants/Counter-Plaintiffs/
    Third-Party Plaintiffs,
-and-

-vs-

SMACNA, A Michigan corporation,
STEFANSKY, HOLLOWAY & NICHOLS, INC.,
a Michigan corporation, BENESYS, INC.,
a Michigan corporation, SHEET METAL WORKERS
INTERNATIONAL LOCAL 80,

    Third-Party Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' motion for reconsideration [dkt. 122]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiffs' motion is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Plaintiffs' motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the

motion be resolved on the brief submitted. For the reasons set forth below, Plaintiffs' motion is DENIED.

## II. BACKGROUND

Plaintiffs' Sheet Metal Employer Industry Promotion Fund and Sheet Metal Employers Industry Apprenticeship Reimbursement Fund ("Plaintiffs") motion for reconsideration challenges the Court's August 13, 2014, Order denying Plaintiffs' motion for summary judgment. In its August 13, 2014, Order, the Court found that a genuine issue of material fact existed as to whether or not Defendants were signatories to a collective bargaining agreement and the arbitration provision contained therein.

The Court, in denying Plaintiffs' motion for summary judgment, found that Supreme Court precedent indicated the parties' dispute was not governed by § 301 of the Labor Management Relations Act ("§ 301").[1] The Court explained that the "sole issue" remaining in this case – whether Defendants are signatories to the CBA and its arbitration provision – was not an issue founded "directly on rights created by" the CBA, nor "substantially dependent" on interpretation of the CBA, and thus the parties' dispute was not governed by § 301. The Court also found that neither party cited to any relevant state-law authority that could alleviate the genuine issue of material fact before the Court. On this basis, the Court dismissed Plaintiffs' motion for summary judgment.

## III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that they must be filed within 14 days after entry of the judgment or order. E.D. Mich. L.R. 7.1(h)(1). "The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The

---

[1] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987).

same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

## IV. ANALYSIS

Plaintiffs' motion fails to state a palpable defect by which the Court has been misled. While Plaintiffs state the Court committed palpable error in ruling that state law, rather than federal law, applies to the current situation, the Court finds Plaintiffs have provided no authority to support their stance. Plaintiffs argue that "federal law applies when determining whether a party is bound/signatory to a Collective Bargaining Agreement," yet fail to support this argument with anything more than broad, sweeping generalizations. *See* Dkt. #122, p. 6 ("the substantive law to apply in suits under § 301, to enforce an arbitration provision, is **Federal law** . . . .") (emphasis in the original). Plaintiffs contradict their own broad argument, however, by also admitting in their motion that the "Court was also correct in recognizing that not every dispute concerning or involving a collective bargaining agreement is one that is pre-empted by § 301." *Id.*, at p. 4. Plaintiff further admits that § 301 "only governs those claims founded 'directly on rights created by collective bargaining agreements' and claims substantially dependent on the analysis of a collective bargaining agreement." *Id.* This Court has already established – and Plaintiffs now fail to present persuasive authority in the alternative – that the sole issue before the Court in this matter does not fit into either category.

As such, it is clear to the Court that Plaintiffs' motion presents issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3). The Court thus finds that Plaintiffs' motion

3

amounts to nothing more than a disagreement with the Court's previous ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration [dkt. 122] is DENIED.

IT IS SO ORDERED.

Date:  September 8, 2014                                                              s/Lawrence P. Zatkoff
                                                                                                         HON. LAWRENCE P. ZATKOFF
                                                                                                         U.S. DISTRICT JUDGE